Andrew C. Sayles, Esq. 045312004
MOREIRA SAYLES RAMIREZ LLC
712 Kearny Ave
Kearny, NJ 07032
P: 201.991.9001
Attorney for Plaintiff, L.D., a minor, by his Guardian Ad Litem, Peter Dudas

| | |
|---|---|
| L.D., a minor, by his Guardian Ad Litem, Peter Dudas,<br><br>Plaintiff,<br><br>vs.<br><br>MARRIOTT INTERNATIONAL, INC.; MARRIOTT OWNERSHIP RESORTS, INC.; MARRIOTT INTERNATIONAL HOTELS, INC.; MARRIOTT HOTEL SERVICES, INC.; MARRIOTT VACATIONS WORLDWIDE CORPORATION; MARRIOTT RESORTS, TRAVEL COMPANY, INC.; MARRIOTT RESORTS HOSPITALITY CORPORATION; MVC TRUST OWNER'S ASSOCIATION, INC.; CRYSTAL SHORES CONDOMINIUM ASSOCIATION, INC.; JOHN DOE 1-10; and ABC CORP. 1-10; (fictitious names, companies and/or entities),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: PASSAIC COUNTY<br>DOCKET NO:<br><br>CIVIL ACTION<br><br>COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR INSURANCE INFORMATION, DEMAND FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ANSWERS TO FORM C AND C(2) INTERROGATORIES AND SUPPLEMENTAL INTERROGATORIES |

Plaintiff, L.D., a minor, by his Guardian Ad Litem, Peter Dudas, residing in the Town of North Haledon, County of Passaic, State of New Jersey, by and through their attorney, Andrew C. Sayles, Esq., complain of Defendants as follows:

## THE PARTIES

1.     At all times hereinafter mentioned, Plaintiff, L.D. was, and still is, a resident of North Haledon, County of Passaic, State of New Jersey.

2.     At all times hereinafter mentioned, Peter Dudas ("Mr. Dudas"), was, and still is, a parent and natural guardian of L.D. and a resident of North Haledon, County of Passaic, State of New Jersey.

3.       At all times hereinafter mentioned, Plaintiff, L.D., was, and still is, a minor.

4.       At all times hereinafter mentioned, the property at 600 S. Collier Boulevard, Marco Island, Florida (the "Premises"), was owned, possessed, maintained, managed, operated, supervised, and/or controlled by Defendants, **MARRIOTT INTERNATIONAL, INC.**; **MARRIOTT OWNERSHIP RESORTS, INC.**; **MARRIOTT INTERNATIONAL HOTELS, INC.**; **MARRIOTT HOTEL SERVICES, INC.**; **MARRIOTT VACATIONS WORLDWIDE CORPORATION**; **MARRIOTT RESORTS, TRAVEL COMPANY, INC.**; **MARRIOTT RESORTS HOSPITALITY CORPORATION**; **MVC TRUST OWNER'S ASSOCIATION, INC.**; **CRYSTAL SHORES CONDOMINIUM ASSOCIATION, INC.**; **JOHN DOE 1-10**; and **ABC CORP. 1-10**; (fictitious names, companies and/or entities).

5.       Hereinafter, the Defendants identified in Paragraph 4 above shall be collectively referred to as the "Marriott Defendants."

6.       Upon information and belief, at all times hereinafter mentioned, Defendant **MARRIOTT INTERNATIONAL, INC.** is a Delaware corporation with headquarters and principal place of business located at 7750 Wisconsin Avenue, Bethesda, Maryland. At all times material hereto, said Defendant was, and still is, the franchisor and/or brand licensor that promulgates and enforces system-wide operational, safety, and programming standards applicable to the Premises and acted through its subsidiary companies, affiliates, and licensees.

7.       Upon information and belief, at all times hereinafter mentioned, Defendant **MARRIOTT OWNERSHIP RESORTS, INC.** is a Delaware corporation. At all times material hereto, said Defendant was, and still is, the developer, owner, operator, manager, and/or entity responsible for the operation, supervision, and control of the Premises.

8. Upon information and belief, at all times hereinafter mentioned, Defendant **MARRIOTT OWNERSHIP RESORTS, INC.** d/b/a **MARRIOTT VACATION CLUB** and/or **MARRIOTT VACATION CLUB INTERNATIONAL** owns, operates, manages, and controls multiple hotel and resort properties throughout the United States, including the Marco Island, Florida property where the subject incident occurred, as well as a separate property located in the State of New Jersey, City of Galloway, at 500 East Fairway Lane.

9. Upon information and belief, at all times hereinafter mentioned, Defendant **MARRIOTT INTERNATIONAL HOTELS, INC.,** is a Delaware corporation with headquarters and principal place of business located at 10400 Fernwood Road, Bethesda, Maryland. At all times material hereto, said Defendant was, and still is, an owner, operator, manager, and/or entity responsible for the management and operation of the Premises.

10. Upon information and belief, at all times hereinafter mentioned, Defendant **MARRIOTT HOTEL SERVICES, INC.** is a Delaware corporation with headquarters and principal place of business located at 10400 Fernwood Road, Bethesda, Maryland. At all times material hereto, said Defendant was, and still is, an owner, operator, manager, and/or entity responsible for staffing, service operations, and supervision at the Premises.

11. Upon information and belief, at all times hereinafter mentioned, Defendant **MARRIOTT VACATIONS WORLDWIDE CORPORATION** is a Delaware corporation. At all times material hereto, said Defendant was, and still is, the owner, operator, manager, and/or entity responsible for the management and operation of the Premises.

12. Upon information and belief, at all times hereinafter mentioned, Defendant **MARRIOTT VACATION CLUB INTERNATIONAL** is a timeshare brand of Defendant **MARRIOTT VACATIONS WORLDWIDE CORPORATION**. Accordingly, for purposes

of jurisdiction, **MARRIOTT VACATION CLUB INTERNATIONAL** should be deemed a citizen of the State of Delaware. At all times material hereto, said Defendant was, and still is, the owner, operator, manager, and/or entity responsible for the management and operation of the Premises.

13.     Upon information and belief, at all times hereinafter mentioned, Defendant **MARRIOTT RESORTS, TRAVEL COMPANY, INC.** is a Delaware corporation. At all times material hereto, said Defendant was, and still is, the owner, operator, manager, and/or entity responsible for the management and operation of the Premises.

14.     Upon information and belief, at all times hereinafter mentioned, Defendant **MARRIOTT RESORTS HOSPITALITY CORPORATION** is a South Carolina corporation. At all times material hereto, said Defendant was, and still is, an owner, operator, manager, and/or entity responsible for the supervision, maintenance, and operation of the Premises.

15.     Upon information and belief, at all times hereinafter mentioned, Defendant **MVC TRUST OWNERS ASSOCIATION, INC.** is a Florida corporation with headquarters and principal place of business located at 7812 Palm Parkway, Orlando, Florida. At all times material hereto, said Defendant was, and still is, the trust governing entity that owns, manages, oversees, and has governance responsibilities with respect to the Premises.

16.     Upon information and belief, at all times hereinafter mentioned, Defendant **CRYSTAL SHORES CONDOMINIUM ASSOCIATION, INC.** is a Florida corporation with headquarters and principal place of business located at 7812 Palm Parkway, Orlando, Florida. At all times material hereto, said Defendant was, and still is, the condominium and/or homeowners association that owns, controls, employs, manages, and contracts for services at the Premises.

17. Upon information and belief, Defendants **JOHN DOE 1-10** (fictitious names) represent all persons who owned, operated, supervised, managed, maintained, controlled, or were otherwise responsible for the Premises and/or the hotel-sponsored children's program described herein, but whose true identities are presently unknown to Plaintiff. When said identities are ascertained, Plaintiff will amend this Complaint accordingly.

18. Upon information and belief, Defendants **ABC CORP. 1-10** (fictitious companies and/or entities) represent all entities that owned, operated, managed, supervised, maintained, controlled, or were otherwise responsible for the Premises and/or the hotel-sponsored children's program described herein, but whose true identities are presently unknown to Plaintiff. When said identities are ascertained, Plaintiff will amend this Complaint accordingly.

## JURISDICTION AND VENUE

19. Under <u>Rule</u> 4:3-2(a)(3), venue is proper, as Plaintiff resides in this County at the time of the commencement of this action.

20. Venue and the exercise of personal jurisdiction over Defendants are further proper as **Marriott Defendants** conduct continuous and systematic business activities within the State of New Jersey, including but not limited to, ownership, operation, and management of a hotel and resort property located in Galloway, New Jersey.

21. Venue and the exercise of personal jurisdiction over Defendants is further proper as L.D., at all relevant times, was a resident of Passaic County, New Jersey.

## GENERAL FACTUAL ALLEGATIONS

22. On or about December 30, 2023, Plaintiff was a guest and invitee staying at the hotel and resort located at 600 S. Collier Boulevard, Marco Island, Florida (previously defined

as the "Premises"), which was owned, operated, managed, maintained, and/or controlled by Defendants.

23.     As part of services offered by Defendants to its guests and invitees, the Marriott Defendants offered recreational activities for children staying at the Premises ("Child Recreation Program"). These activities were organized, supervised, and operated by Defendants and offered to guests at the Premises.

24.     As part of the Child Recreation Program, the Marriott Defendants organized, supervised, and conducted a hotel-sponsored event wherein children were permitting to engage in athletic events, including soccer.

25.     At the time of the subject incident, Plaintiff, L.D., was eleven (11) years old and participated in the Child Recreation Program as part of his stay at the Premises.  While playing soccer and under the supervision of the Mariott Defendants, L.D., was injured when an older and stronger guest-participant struck a soccer ball at L.D., resulting in significant and permanent injuries, including but not limited to, a displaced metaphyseal torus fracture of the distal right radius.

26.     Upon information and belief, the soccer ball that struck Plaintiff was kicked with high force by a male guest approximately seventeen (17) years of age who was allowed to participate in the same activity despite differences in their traits, including, but not limited to, their size, age, and strength.

27.     At all times, the Marriott Defendants owed a duty of care to its guests and invitees.

28.     At all times, the Marriott Defendants owed a duty of care of L.D., as a guest and invitee participating in the Child Recreation Program, including but not limited to, ensuring that

participants were properly supervised, were protected from reasonably foreseeable hazards and to protect participants from physical harm and other dangers.

29. Further, because the Child Recreation Program involved the supervision and care of minors, the Marriott Defendants assumed a heightened duty of care as caregivers.

30. The Marriott Defendants breached their duty of care owed to L.D. resulting in personal injuries.

31. L.D.'s injuries occurred as a result of Marriott Defendants' failure to supervise L.D., and other participants in the Child Recreation Program.

32. The Marriott Defendants failed to reasonably supervise, manage, and control the recreational activities provided through the Child Recreation Program and failed to separate participants based upon age, size, skill level, or physical maturity.

33. As a direct and proximate result of the incident, Plaintiff, L.D., sustained serious and permanent injuries, including but not limited to, a displaced fracture of his right radius, which, *inter alia*, caused severe pain and suffering and resulted in permanent injuries.

34. The aforesaid incident and resulting injuries were caused by the careless, reckless, and negligent acts and omissions of Marriott Defendants in the ownership, operation, supervision, maintenance, and management of the Premises and the hotel-sponsored children's activities.

## FIRST COUNT

## (NEGLIGENCE AGAINST ALL DEFENDANTS)

35.     At all relevant times, the Marriott Defendants owed a duty to Plaintiff, L.D., to exercise reasonable care in the ownership, operation, supervision, maintenance, and control of the Premises and the hotel-sponsored activities conducted thereon so as to ensure the safety of guests and invitees.

36.     The Marriott Defendants breached that duty by negligently owning, operating, supervising, maintaining, and managing the Premises and the hotel-sponsored children's program, including but not limited to failing to properly supervise participants, failing to separate participants by appropriate age and physical maturity, and otherwise failing to ensure a safe environment for minor children.

37.     The Marriott Defendants also failed to adequately monitor, supervise, control, and instruct their personnel, agents, and/or employees who were charged with protecting the safety of guests and invitees.

38.     The Marriott Defendants further failed to provide proper safeguards, safety devices, policies, procedures, and protective measures necessary to prevent foreseeable injury to Plaintiff and other guests and invitees.

39.     The Marriott Defendants also failed to properly supervise, manage, and control the Premises, the activities conducted thereon, and the conduct of those participating in such activities.

40.     The Marriott Defendants' disregard for the safety of others created an unreasonable risk of harm to guests and invitees, including Plaintiff.

41. As a direct and proximate result of The Marriott Defendants' negligence, Plaintiff, L.D., sustained serious and permanent bodily injuries, including but not limited to a displaced metaphyseal torus fracture of the distal right radius, together with permanent pain, suffering, limitation of function, and disability.

42. As a further result of the Marriott Defendants' negligence, Plaintiff, L.D., has suffered and will continue to suffer loss of enjoyment of life and has lost and will continue to lose athletic and recreational opportunities.

43. The Marriott Defendants' aforesaid acts and omissions were careless, reckless, negligent, and in wanton disregard of Plaintiff's rights and safety.

44. Plaintiff, L.D., sustained personal injuries as a direct and proximate result of the negligence of Defendants.

**WHEREFORE**, Plaintiff, demands judgment against the Marriott Defendants, jointly, severally, and in the alternative, for compensatory damages, medical expenses, interest, costs of suit, attorneys' fees, along with such further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Andrew C. Sayles, Esq., is hereby designated trial counsel for Plaintiff.

## CERTIFICATION OF COUNSEL

Pursuant to Rule 4:5-1, the undersigned certifies that at the time of filing this Complaint, the matter in controversy is not the subject of any other action pending in any court or arbitration

proceeding and that the undersigned is unaware of any other party who should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements is willfully false, I am subject to punishment.

**Moreira Sayles Ramirez LLC**

*/s/ Andrew C. Sayles*

By:       _____
Andrew C. Sayles
*Counsel to Plaintiff,*
*L.D., a minor, by his Guardian Ad Litem,*
*Peter Dudas*

Dated: December 24, 2025

## DEMAND FOR INSURANCE INFORMATION

Pursuant to Rule 4:10-2(b), Plaintiff hereby demands production of any and all insurance agreements under which the Marriott Defendants may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy a judgment, including but not limited to any and all commercial general liability policies, excess liability policies, umbrella policies, and any other applicable policies in effect on December 30, 2023.

## DEMAND FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that pursuant to Rule 4:18-1, Plaintiff demands the production for purposes of inspection and copying at the offices of Moreira Sayles Ramirez LLC, 712 Kearny Avenue, Kearny, NJ 07032, within 45 days after service of this pleading, of the following items:

1.      A copy of any accident report, incident report, internal memorandum, or other documentation prepared by any agents, servants or employees of the Defendants contemporaneously with the accident which is the subject matter of this complaint.

2.      A copy of the deed, lease agreement, contract, and any other document relating to Defendants' ownership, operation, management, and control of the hotel and resort Premises.

3.      All insurance agreements and policies, including primary, excess, and umbrella policies maintained by Defendants in effect on December 30, 2023, in accordance with Rule 4:10-2(b).

4.      All photographs, videos, sketches, diagrams, site maps, blueprints, or other documentary evidence depicting the layout and/or area where the hotel-sponsored soccer game took place and the condition of the subject Premises as they appeared on December 30, 2023.

5.      Any and all written or recorded statements of any party to this lawsuit or their agents, servants, or employee regarding the subject incident.

6.      Any and all written or recorded statements of eyewitnesses to the incident.

7.      All expert reports pertaining to liability and/or damages.

8.      Any contracts, agreements, or documents relating to the children's program, daycare services, recreational programming, or supervised activities offered by Defendants on December 30, 2023.

9.      The names, addresses, and current telephone numbers of all Defendants' agents, servants, and employees present during the children's soccer activity on December 30, 2023.

10.      All supervision schedules, staffing rosters, sign-in sheets, or attendance logs for the children's program on December 30, 2023.

11.      All photographs, videotapes, recordings, or other documentary evidence depicting the incident, the children's program, or the investigation of the incident, including surveillance footage from the date of loss.

12.      All documents relating to corporate, business, or trade name filings for each Defendant named in this Complaint.

13.      All documents received in response to any discovery demands or subpoenas served upon any other parties or non-party entities concerning this incident.

14.      All documents relating to any prior incidents, injuries, or accidents occurring during any children's program, sports activity, or supervised youth activity conducted on the Premises within the past seven years.

15.      Any and all contracts, agreements, or indemnification arrangements between or among the Defendants relating to ownership, operation, supervision, staffing, or management of

the hotel and its children's programs.

## <u>DEMAND FOR ANSWERS TO FORM C AND C(2) INTERROGATORIES AND SUPPLEMENTAL INTERROGATORIES</u>

**PLEASE TAKE NOTICE** that pursuant to <u>Rule</u> 4:17-l(b)(ii), Plaintiff demands certified answers to Form C and C(2) Interrogatories set forth in the Appendix to the Rules Governing Civil Practice and the following supplemental interrogatories:

1.      Please list the names of all employees, agents, contractors, and volunteers assigned to supervise the children's program and soccer activity on December 30, 2023.

2.      State whether Defendants provided training regarding the supervision and safety of minor children participating in hotel programs.

a.      If yes, describe the training in detail and attach all written training materials.

3.      Identify the individual(s) responsible for supervising the soccer activity on December 30, 2023 and state their job titles, training, and length of employment.

4.      State whether Defendants maintained any written policies or procedures governing: (a) Supervision of minors; (b) Age separation for children's activities; (c) Sports safety protocols. If so, attach all such policies.

5.      State whether Defendants had any prior knowledge of minors or teenagers participating together in the same soccer activities and whether any prior injuries occurred as a result.

6.      State whether Defendants received any prior complaints or reports regarding unsafe conditions, improper supervision, or age-inappropriate activities within the children's program during the past seven years.

7.      State the date each Defendant first owned, operated, managed, supervised, or

controlled the Premises and children's programs.

8.    If Defendants dispute the necessity, causation, or reasonableness of any medical treatment provided to Plaintiff, L.D., set forth all facts supporting said contention.

9.    If Defendants contend that L.D.'s injuries were caused by any person or entity other than Defendants, identify said person or entity and set forth each and every fact supporting that contention.

# Civil Case Information Statement

## Case Details: PASSAIC | Civil Part Docket# L-004292-25

**Case Caption:** DUDAS PETER  VS MARRIOT INTERNATIONA L, INC.

**Case Initiation Date:** 12/24/2025

**Attorney Name:** ANDREW C SAYLES

**Firm Name:** MOREIRA SAYLES RAMIREZ LLC

**Address:** 712 KEARNY AVE
KEARNY NJ 07032

**Phone:** 2019919001

**Name of Party:** PLAINTIFF : Peter Dudas

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Peter Dudas? NO**

**Are sexual abuse claims alleged by: L D? NO**

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/24/2025
Dated

/s/ ANDREW C SAYLES
Signed